[Civ. No. 11905.   First Dist., Div. One.   June 1, 1942.]

ANTHONY JOSEPH, Appellant, v. C. H. BECK et al., Respondents.

Carey Van Fleet and Louis C. Levy for Appellant.

M. G. Gallaher, Milo E. Rowell, John W. Guerard and W. B. Backlund for Respondents.

KNIGHT, J.—Plaintiff brought this action to quiet title to certain property known as St. Joseph's Winery. Demurrers were interposed by all but two defendants; one of these two defaulted, and the other filed a disclaimer; the demurrers were sustained without leave to amend, and subsequently plaintiff was denied leave to file a supplemental complaint. Judgment was entered February 11, 1941, whereby it was ordered, adjudged and decreed that the demurrers were sustained on the grounds that the complaint did not state facts sufficient to constitute a cause of action against said defendants and that the court had no jurisdiction of the subject of the action; and that the defaulting and disclaiming defendants had no right, estate, interest or title in the property described. From the judgment so entered plaintiff appeals.

It appears from the complaint and exhibits attached thereto that prior to April 18, 1935, plaintiff owned and operated said winery, and on said date filed in the United States District Court a petition for "debtor-relief" under section 74 of the Bankruptcy Act (as amended March 3, 1933; U. S. C. A., title 11, Bankruptcy, § 202, vol. 101 to end) requesting that he be allowed to file an extension and composition proposal under said section. The matter was referred to defendant McDowell, referee in bankruptcy (the order of reference is not part of the record), who appointed defendant McKinney trustee. A meeting of the creditors was called, an extension and composition proposal was submitted, and was rejected by the creditors; further time was given the debtor to submit an additional proposal, but on July 16, 1935, no additional proposal having been filed, the matter was considered at a creditors' meeting at which the debtor's attorney and a majority of the creditors were present; and on that date the referee ordered that plaintiff be declared and adjudged a bankrupt. Thereafter the property was sold by

the trustee to defendant E. M. Jones, and later the Sunnyside Winery was organized and took over the winery; but it became financially involved, and on January 14, 1940, was adjudicated a bankrupt. The property then passed to defendants Hollins and Smith, referee in bankruptcy and trustee of the bankrupt corporation respectively, and was sold to Home Title Co., and finally to defendants Beck et al., who took possession and operated the winery.

The cause of action plaintiff attempts to set forth in the complaint is based upon the theory that the order adjudging him a bankrupt was void in that it was made by the referee and not by the district court; that therefore all subsequent proceedings had, including the sale of the property to Jones, were nullities; and that such being the case he is entitled to recover possession of the property. However, this same theory was advanced by plaintiff without success in the federal court in a similar action brought therein to accomplish the same purpose (*Joseph* v. *Rowell*, 108 F. (2d) 592), and obviously the adverse ruling therein is here controlling. That action was brought in the United States District Court before the Jones sale was completed, ''to determine adverse claims to real and personal property,'' and two of the defendants were the referee and trustee in bankruptcy involved in the Jones sale. Plaintiff consented to a dismissal as to the defendants who purchased the property in the bankruptcy proceedings, and certain other named defendants; and the referee and trustee moved the court to dismiss as to them. The motions were granted, and plaintiff appealed. The order was on December 21, 1939, affirmed by the Circuit Court of Appeals, the court stating: ''It is apparent from the complaint and bill of particulars that a petition has been filed by the appellant as debtor in the United States District Court for the Southern District of California, Northern Division, under 11 U. S. C. A., §§ 201 and 202, providing for the relief of debtors by composition and extension of their debts. The act provides that the filing of a debtor's petition seeking relief under the act 'shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition' is filed. (11 U. S. C. A., § 202, subd. m. See *In re Gunder*, 7 Cir., 88 F. (2d) 284.) The fact that the referee in the bankruptcy proceedings may have exceeded his authority in making the orders complained of in

the complaint (a question we do not pass upon) could not oust the bankruptcy court of its exclusive jurisdiction over the debtor's property. The appellant having surrendered his property to the bankruptcy court, which thereby acquired exclusive jurisdiction over the property, cannot assert ownership thereof, as against the officers of the court, or those purporting to act as such, in any other court.''

The complaint herein alleges that the petition plaintiff filed in the bankruptcy court was filed under the provisions of section 74 of the Bankruptcy Act (U. S. C. A., title 11, Bankruptcy, § 202, vol. 101 to end), and subdivision (m) of that section provided: ''The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed. . . .'' Accordingly it must be held here, as it was in the federal case, that when plaintiff filed his petition in the bankruptcy court under the provisions of said section 74 he surrendered the property to the exclusive jurisdiction of the bankruptcy court; and that being so, he would be in no position to maintain the suit even though it could be held, as he contends, that the order of adjudication was invalid, because the property would still be under the exclusive jurisdiction of the bankruptcy court, pending proper administration in that court. If on the other hand the adjudication was valid, plaintiff is not in a position to maintain the action because title to the property passed to the trustee, and by subsequent trustee's sale to Jones.

Nor did the court abuse its discretion in denying leave to file the supplemental complaint. The purpose thereof was to eliminate the bankruptcy court officers from the case upon the ground that they had been discharged since the original complaint was filed. It is apparent, however, that notwithstanding such discharge, exclusive jurisdiction of the property was still in the bankruptcy court; therefore the elimination of these officers from the case would have had no bearing whatever upon plaintiff's right to maintain the action.

In view of the conclusion reached on the determinative point, it becomes unnecessary to consider the other contentions made by the respective parties.

The judgment is affirmed.

Bray, J. pro tem., and Peters, P. J., concurred.